IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TEDDY E. PENDLETON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 16-03131 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Teddy E. Pendleton's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 1). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court must promptly examine the motion. If it appears from the motion, any attached exhibits, and the record of prior proceedings that Petitioner is not entitled to relief, the Court must dismiss the motion. See Rules Governing Section 2255 Proceedings, 4(b). A preliminary review of Petitioner's motion

shows that the Motion must be dismissed because Petitioner is not entitled to relief.

## I. BACKGROUND

In June 2013, Petitioner was charged with two counts of distribution of methamphetamine (Counts 1 and 2) and conspiracy to manufacture methamphetamine (Count 4).[1] <u>United States v. Pendleton</u>, United States District Court, Central District of Illinois, Springfield Division Case No. 13-cr-30039 (hereinafter, Case No. 13-cr-30039), Indictment (d/e 1).  Petitioner ultimately pleaded guilty to Counts 2 and 4 pursuant to a Plea Agreement.  Case No. 13-cr-30039, Report and Recommendation on Plea of Guilty (d/e 21); November 27, 2013 Text Order accepting the guilty plea.

Thereafter, the U.S. Probation Office prepared a Presentence Investigation Report (PSR).  Case No. 13-cr-30039, PSR (d/e 26), amended by interlineation (d/e 28).  The Probation Office determined that Petitioner qualified as a career offender under the U.S. Sentencing Guidelines because Petitioner had at least two prior convictions of either a crime of violence or a controlled substance offense.  PSR ¶ 47; U.S.S.G. § 4B1.1(a).  Specifically,

---

[1] Count 3 was brought solely against the co-defendant, Gregory S. Maynor.

Petitioner had two prior Illinois convictions—one for aggravated battery and one for unlawful delivery of a controlled substance. Id. According to the PSR, an Illinois jury found Petitioner guilty of committing a battery by knowingly causing bodily harm to the victim in a public place by striking the victim in the eye with his fist. PSR ¶ 70.[2]

Petitioner's designation as a career offender resulted in a total offense level of 31 after a three-level reduction for acceptance of responsibility. PSR ¶ 50. Based upon a total offense level of 31 and a criminal history category of VI, the advisory guideline imprisonment range was 188 to 235 months.[3] PSR ¶ 128.

In March 2014, the Court sentenced Petitioner to 112 months of imprisonment on each of Counts 2 and 4 to run concurrently. On oral motion of the Government, the Court dismissed Count 1. Petitioner did not file an appeal.

---

[2] The jury also found Petitioner guilty of aggravated battery by knowingly making contact of an insulting or provoking nature with the victim in a public place by throwing a glass of beer in her face (Count 2). PSR § 70.

[3] Without the career offender designation, Petitioner would have had an offense level of 19 and a criminal history category of III, resulting in an advisory guideline imprisonment range of 37 to 46 months.

On May 13, 2016, Petitioner filed his § 2255 Motion asserting that, under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), aggravated battery no longer qualifies as a crime of violence under the guidelines and, therefore, he does not qualify as a career offender.

## II. ANALYSIS

A brief explanation of the Armed Career Criminal Act is necessary to put Petitioner's claim in context. Generally, the penalty for the offense of Felon in Possession of a Firearm, 18 U.S.C. § 922(g), is up to 10 years' imprisonment. 18 U.S.C. § 924(a)(2). However, if a defendant violates § 922(g) and has three previous convictions for a violent felony or a serious drug offense, or both, the Armed Career Criminal Act increases the sentence to a term of imprisonment of not less than 15 years and up to life. 18 U.S.C. § 924(e)(1); <u>Johnson</u>, 135 S. Ct. at 2555.

The Act defines a violent felony as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person or another; or

>    (ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u> [.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The underlined portion is referred to as the "residual clause."  The other portions are referred to as the "elements clause" (18 U.S.C. § 924(e)(2)(B)(i)) and the "enumerated clause" (the portion listing burglary, arson, extortion, and offenses that involve the use of explosives).

In <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the residual clause of the Armed Career Criminal Act was impermissibly vague and, therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."  The <u>Johnson</u> decision announced a new substantive rule of constitutional law that the Supreme Court has made retroactive on collateral review.  <u>Welch v. United States</u>, 136 S. Ct. 1257, 1268 (2016).

Petitioner asks the Court to apply the holding of <u>Johnson</u> to the career offender guideline, which contains an identically worded residual clause.  Under the guidelines, a defendant qualifies as a career offender if the defendant was at least 18 years old when he

committed the instant offense, the instant offense is either a crime of violence or a controlled substance offense, and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a).  A "crime of violence" is defined in the guidelines as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

U.S.S.G. § 4B1.2(a) (emphasis added).  Like the Armed Career Criminal Act, the career offender guideline contains an elements clause (§ 4B1.2(a)(1)), an enumerated clause (§ 4B1.2(a)(2) (listing burglary of a dwelling, arson, extortion, or involves the use of explosives), and a residual clause (underlined above).

Whether the holding of <u>Johnson</u> applies to the career offender guideline is an issue that is currently pending before the Seventh Circuit.  See <u>United States v. Rollins</u>, 13-1731 (7th Cir. argued Dec. 2, 2015); <u>United States v. Hurlburt</u>, 14-3611 (7th Cir. argued

Dec. 2, 2015); United States v. Gillespie, 15-1686 (7th Cir. argued Dec. 2, 2015).  However, even if the holding of Johnson applies to the career offender guideline, and, therefore, invalidates the career offender residual clause, it is far from certain that Johnson would apply retroactively on collateral review to offenders sentenced as career offenders under the residual clause of the career offender guideline.  See, e.g., Cummings v. United States, 2016 WL 799267, at *16 (E.D. Wis. Feb. 29, 2016) (concluding that Seventh Circuit precedent barred the court from granting relief to a § 2255 petitioner sentenced under the residual clause of the career-offender guideline).

Nonetheless, even assuming Johnson applies retroactively on collateral review to defendants sentenced under the career offender guideline, the record demonstrates Petitioner is not entitled to relief because Petitioner's aggravated battery conviction did not qualify as a crime of violence under the residual clause of the career offender guideline.  Instead, the aggravated battery conviction qualified as a crime of violence under the elements clause of the career offender guideline.

A conviction qualifies as a crime of violence under the elements clause when it "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" U.S.S.G. § 4B1.2(a). An Illinois aggravated battery conviction based on causing bodily harm qualifies as crime of violence. See Hill v. Werlinger, 695 F.3d 644, 649-50 (7th Cir. 2012) (holding that an aggravated battery conviction under the first prong of the Illinois battery statute—"causes bodily harm to an individual"—has as an element "the use, attempted, use, or threatened use of physical force" such that the conviction qualifies as a violent felony under the Armed Career Criminal Act).

Here, the PSR reflects that a jury found Petitioner guilty of aggravated battery based on committing a battery in a public place by causing bodily harm. PSR § 70; see also 720 ILCS 5/12-4(b)(8) (2001) (a person commits aggravated battery when he commits a battery in a public place); 720 ILCS 5/12-3(a)(1) (a person commits a battery when he causes bodily harm to an individual). Therefore, the record clearly shows that Petitioner's aggravated battery conviction qualified as a crime of violence under the elements clause, not the residual clause, of the career offender

guideline.  See United States v. Aviles-Solarzano, 623 F. 3d 470, 475 (7th Cir. 2010) (noting that the court could accept any undisputed portion of the PSR as a finding of fact and that "[t]here is no reason to go digging for a state-court indictment if the parties agree on what it says").  Consequently, Petitioner is not entitled to relief under Johnson even if the Court assumes (without deciding) that Johnson applies retroactively on collateral review to defendants sentenced under the career offender guideline.

### III. CONCLUSION

Because it plainly appears from the Motion and the record of the prior proceedings that Petitioner is not entitled to relief, the Motion Under 28 U.S.C. § 2255 to Vacate Plea, Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is SUMMARILY DISMISSED.  The Clerk is DIRECTED to notify Petitioner of the dismissal.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court also denies a certificate of appealability under Rule 11(a) of the Rules Governing Section 2255 Proceedings.  See 28 U.S.C. § 2253(c)(2).  This case is CLOSED.

ENTER: May 26, 2016

FOR THE COURT:

                                             <u>s/Sue E. Myerscough</u>
                                             **SUE E. MYERSCOUGH**
                                             **UNITED STATES DISTRICT JUDGE**